Lipscomb, J.
This suit was brought to recover a tract of land claimed by plaintiff and in the possession of the defendants. The plaintiff claimed by virtue of a certificate of his headlight, issued to him by the board of land commissioners for Nacogdoches county, and claimed the right to apply his certificate to a survey made for him by virtue of a warrant or order of survey issued before the Declaration of Independence. The defendants claim by virtue of a certificate and location and survey made subsequent to the Declaration of Independence. Both certificates are supposed to be valid, and the main question is whether the certificate of plaintiff held or was entitled to the preference by virtue of his previous order of survey and the survey made thereon before the change of Government, although such survey was not returned into the surveyor’s office authenticated until after the location of the defendant’s certificate.
We do not consider it material to discuss the right of preference claimed by the plaintiff as an abstract question of law, because, admitting it in its fullest extent, it was only a personal privilege that he had a right under his certificate to waive, and it was not necessary that this waiver should be an affirmative act necessary to the validity of another location that he might choose to make under his certificate, as his certificate was issued in the ordinary way by the board of land commissioners on evidence wholly unconnected with and unsupported by the warrant and survey before the Declaration of Independence. And, admitting his privilege to apply the previous survey to it by complying with the requisitions of the law in having them duly authenticated and returned into the surveyor’s office constituted under the Republic, it was yet a mere privilege, and lie was under no obligation to do so. He might have disregarded and passed in silence his previous survey, and located his certificate bn any other lands vacant and appertaining to tlie mass of the public- domain as eoultl any other holder of a headlight certificate. Whether he had abandoned such privilege, and also the preference as an actual settler on the land prior to the Revolution, by long abandoning tlie possession, with an expressed and determined intention of never again resuming it, were questions purely of fact, to be determined by the jury. On both these points there was much and clear proof that he had so waived and abandoned all right of preference before the location of the defendant’s was made, and it was a material issue for the jury to try on botli points. The jury, on the evideuee before them, found for tlie defendant, and we can discover no legal reason why their verdict should be set aside.
There is another point in the case that we believe to be equally conclusive in support of tlie verdict of the jury and the judgment rendered thereon. It was in evidence before the jury that the plaintiff had not only waived whatever right of preference he might have claimed for his order of survey and his previous settlement, but that he had, previous to tlie commencement of this suit, actually sold his headlight certificate, and consequently had no title to the land sued for.
That the plaintiff, in an action like tlie present, putting in contestation tlie title to the land in controversy, must show title in himself at the time the suit was commenced, is fully established by authority. (See Adams on Ejectment.)
The finding of the jury negatives this essential fact, and there is nothing on the record to authorize us to say that such findiug is either contrary to tlie evidence or unsupported by it. And on this point alone the judgment would have to he affirmed.
There were other questions presented by tlie record in this case, and argued with considerable industry and great ability by the counsel on both sides. One of these points was, that as tlie land lay within the prohibited border leagues, it could not be granted before tlie Revolution to a colonist or settler. These questions, all going to tlie validity of the plaintiff’s order of survey, and the last being a question that will come up in another suit as the one on'wliich 'that ease depends, and as whatever opinion we may form on that and the •others discussed could not control the inevitable result in this case, from our *226 opinion on the two points we have discussed, we have concluded to pass the others until presented in a case where it may he important that they should be met and decided by the court. The judgment is affirmed.
Judgment affirmed.