No. 5665.

## C. O. EDWARDS *v.* J. H. BARWISE.

1. EVIDENCE—TRESPASS TO TRY TITLE.—When in trespass to try title the plaintiff sets forth specially his title, and the continuity of his claim depends on a link such as title by descent from a former vendor which must be established by parol, that fact must be alleged in order to authorize its proof. It is otherwise when the action is in the statutory form, and the title is not specially pleaded.

2. TRESPASS TO TRY TITLE.—It is not error for the court to instruct the jury in trespass to try title to find for that party in whom the undisputed written evidence shows that the title is vested.

3. NOTICE.—The registration of a deed in the county where the land is situate, properly authenticated, must be held as notice of its contents to all subsequent purchasers, and it is not admissible for a subsequent purchaser to show that he had the records examined by his attorney and that no such deed was of record.

4. EVIDENCE.—The custodian of a public record is the proper officer, by whom to establish that a record does not exist.

5. VERDICT—JUDGMENT.—A plaintiff in trespass to try title, claimed title to an undivided one-third of a survey, and for possession of the entire tract in the event the defendant failed to show title to two-thirds of it. The verdict was for plaintiff "for one-third of the property in dispute." The judgment entry was for the plaintiff for one-third of the entire tract. The verdict was rendered under a charge which instructed the jury to find "for plaintiff one-third of the land described in the petition." *Held:* that the entire property was in dispute, and there was no error in the judgment.

APPEAL from Tarrant. Tried below before the Hon. R. E. Beckham.

*Joseph C. Scott* and *L. N. Cooper,* for appellant, insisted that appellant Edwards was an innocent purchaser for value, without notice, citing 3 Texas, 308 (opinion), and authorities cited; Mims v. Mitchell, 1 Texas, 446; Rivers v. Foote, 11 Texas, 662; Paul v. Perez, 7 Texas, 345; by parity of reason, Ortiz v. Benavides, 61 Texas, 63; Revised Statutes, article 4332; see also article 4292; Thorn v. Newsom, 5 Texas Law Review, 301; Taylor v. Snow, 47 Texas, 456 to 461; Thorn's heirs v. Frazier's heirs, 60 Texas, 261–263; Graham v. Hawkins, 38 Texas, 635; Earle v. Thomas, 14 Texas, 588; Norwood v. Boon, 21 Texas, 592; Hobby's Land Law,

·section 534; Van Rensalaer v. Kearney, 11 Howard (U. S.) 326, 327; Revised Statutes, article 4332; Ayers v. Duprey, 27 Texas, 605–608; Wade on Notice, section 61.

That the judgment of the court did not follow the verdict of ·the jury, but was different from the verdict, and is not authorized by law, and is in excess of the verdict, they cited Revised Statutes, articles 1327 and 1333; Claiborne v. Tanner, 18 Texas, ·68; White & Willson, secs. 904, 905 907; Jackson v. The State, 21 Texas, 675; Faulk v. Faulk, 23 Texas, 665; Ledyard v. Brown, 27 ·Texas, 406; Loyd v. Brinck, 35 Texas, 6; Campbell v. Everts, 47 Texas, 107, 108; Burnett v. Harrington, 58 Texas, 359–363.

That the judgment was not warranted by the verdict, they ·cited Revised Statutes, articles 1335 and 4808; Darden v. Mathews, 22 Texas, 324; May v. Taylor, 22 Texas, 349, 350; Bledsoe v. ·Wills, Id., 651; Tinnen v. Matthews, Dallam, 492.

*D. W. Humphries,* for appellee.

Gaines, Associate Justice.    This was an action of trespass to try title brought by appellee against appellant. Plaintiff alleged that he was the owner of an individual one-third interest in the land in controversy; and that he did not know who owned the other two-thirds. He prayed for the recovery of the possession of the entire tract, unless the defendant showed title to the other two-thirds, in which event he prayed for a partition. The pleas were a general denial, not guilty, the statute of limitations and improvements in good faith. Neither party set forth his chain of title. The plaintiff obtained judgment for one-third ·of the land and for partition.

The plaintiff having introduced in evidence a deed from one Nance to E. S. Hurlburt & Co. to a one-third interest in the survey in controversy, was permitted over the objection of the defendant, to testify that the firm of E. D. Hurlburt & Co. was composed of E. D. Hurlburt and himself. The admission of this testimony is assigned as error. The ground of objection was that the fact had not been alleged in the pleading. The objection was not well taken. When a plaintiff in an action of this character pleads specially his title and any link in the chain is dependent upon a fact resting in parol, such as heirship, etc., that fact should be alleged. Otherwise he will not be permitted to prove it. But should the petitition be in the statutory form as in the present case, he will be permitted to adduce any com-

petent parol evidence in order to establish his title, although the fact proposed to be established by such evidence be not specially pleaded. A different rule would require, in trespass to try title, one who claimed as heir or through heirs to set forth not only the fact of heirship, but also the entire chain of conveyances upon which he relied; and would thereby deprive him of the privilege conferred by the statute. The deed to Hurlburt & Co. showed title at its date in the firm to one-third of the land, and by proving that plaintiff was a member of the firm, the testimony objected to, showed title in him to one-sixth. The evidence was therefore admissible. If the defendant apprehended surprise, he could, by requiring an abstract to be filed, have been apprised of the facts upon which the plaintiff relied to make out the case.

Each party deraigned his title from the State, and the defendant showed a clear right to one undivided two-thirds interest in the land in controversy. As to the one-third interest claimed by plaintiff, which was the matter actually contested, the title of both emanated from one John T. Smith, as the common source. In 1873, Smith conveyed to S. L. Hanna, and plaintiff introduced a consecutive chain of conveyances from Hanna down to himself. In 1882, Smith again conveyed a third interest to one Twombly, who was then the owner of the other two thirds, and he latter subsequently conveyed the entire tract to the defendant. The deed from Smith to Twombly was in form a quit claim and contained no clause of warranty. Defendant claims, however, that Twombly bought without notice of the previous conveyance of Smith, and bought the land purporting to be conveyed, and not a mere chance of the title. The deed from Smith to Hanna appeared from its file mark and the clerk's certificate to have been filed and recorded in 1875, in Tarrant county, and re-recorded on the sixteenth of August, 1883. Twombly's deed from Smith was recorded April 22, 1882. Defendant's deed from Twombly, was dated June 5, 1883, and was recorded June 8, 1883, before the re-recording of the deed to Hanna. Defendant testified that he paid Twombly the full value of the land at the date of the deed, and that he had no notice of any adverse claim.

The court ruled, in effect, that Twombly and defendant had constructive notice of the conveyance to Hanna at the time of their respective purchases, and instructed the jury to find for plaintiff. In this, we think, there was no error. The deed to Hanna, as shown by the statement of facts, was recorded in 1875, but why it was re-recorded the evidence does not disclose.

It is stated in argument by appellant's counsel, and we suspect it was a fact, that the records of Tarrant county had been burned, but this is not shown by the testimony. If the destruction of the records had been proved, it might have made a materially different case. But from the transcript before us the record of the deed from Smith to Hanna in 1875, must be held notice to all the world, and this renders it unnecessary for us to determine, whether the terms of the deed from Smith to Twombly did not affect him, defendant, with notice of the prior conveyance. The plaintiff, therefore, showed the better title, and the court did not err in instructing the jury to find for him.

The defendant offered to prove by a witness that at the time of Twombly's purchase from Smith, he, as Twombly's attorney, examined the record of deeds of Tarrant county, and that no deed from Smith to any one else was of record. This being objected to, was excluded by the court on an exception taken. It is now insisted that this was error.

If it be admitted that it was competent to show that the clerk's certificate was false, it must be held that the proper evidence was not offered for that purpose. To permit a witness not in charge of the office containing the registry of deeds to testify that no such record existed would be to introduce an unprecedented and dangerous practice. It is said by the supreme court of New Hampshire: "When a party desires to prove the negative fact that there is no record, he must do so in the usual way —by the deposition of the proper officer or by producing him in court so that he may be sworn and cross examined as to the thoroughness of the search made. If the summoning of such officer to testify in relation to the public records at the call of a suitor, shall be found impracticable by reason of interfering with his public duties, the remedy must be found in further legislation." (Bullock v. Wallingford, 55 N. H., 619.) The principle applicable to the point before us is, that the custodian of the records is the proper officer to prove that a record does not exist. We conclude that the court below did not err in excluding the testimony.

But it is insisted that the judgment is erroneous, because it is not supported by the verdict. The judge instructed the jury without qualification to find "for plaintiff one-third of the land described in the petition." The verdict was: "We the jury *

* find for plaintiff one-third of the property in dispute and ten dollars for rent of same." Now it is contended on behalf of appellants, that by "property in dispute" is meant, the one-third

undivided interest to which both parties set up titles; and that therefore the judgment should have been for one-third of this, or for one-third of the whole. But in our opinion this position can not be maintained. The plaintiff sued for the title to an undivided one-third of the survey, and for the possession of the whole, in the event the defendant failed to show his title to the two-thirds, of which he, plaintiff, did not claim to be owner. He did not concede the defendant's title or right of possession to any part of it. He had the right to contest under his pleadings, defendant's claim to any interest in the survey, in order to establish his right to the possession of the whole. Therefore, the entire property was in dispute. Besides, the judge having directed a finding for plaintiff for one-third of the land, it is not reasonable to presume the jury meant to disobey the instruction, when their verdict is capable of a contrary construction. In our opinion, it clearly appears from the pleadings, the charge and the language of the verdict, that the jury meant to find for plaintiff for one-third of the land described in the petition. The judgment is therefore, warranted by the verdict and appellant's assignment on this ground is not well taken.

We have not considered the assignments of error in detail; but the determination of the questions already passed upon is decisive of the case in this court. There was no error in the rulings of the court upon the introduction of the testimony; and upon the evidence adduced, neither defendant nor his vendee could claim to be a bona fide purchaser and therefore plaintiff was clearly entitled to recover.

The judgment is therefore affirmed.

*Affirmed.*

Opinion delivered November 18, 1887.