**TATE et al. v. TATE.   (No. 347.)**

Court of Civil Appeals of Texas.   Eastland.
Oct. 21, 1927.

**1. Trespass to try title ⚖︎32—In trespass to try title, plaintiff need not plead title specially.**

In trespass to try title, the plaintiff is not required to plead his title specially.

**2. Trespass to try title ⚖︎35(1)—Where plaintiff, in trespass to try title, pleads title specially, he is confined to proof of that title.**

Although plaintiff is not required to plead title specially in suit in trespass to try title, when he does so he is confined to proof of that title.

**3. Trespass to try title ⚖︎32—Where plaintiff in trespass to try title pleads title specially, and special pleading is insufficient, petition is demurrable.**

Where plaintiff, in suit in trespass to try title, pleads his title specially, and the allegations of the special pleading are insufficient, a general demurrer should be sustained, since he cannot fall back on his general action to support the petition.

**4. Trespass to try title ⚖︎32—Where plaintiff, in trespass to try title suit, pleads title specially, plea must allege facts showing vesting of title under deeds relied on.**

Where plaintiff pleads title specially in trespass to try title suit, and it is necessary to show any matter of fact which will connect him with deeds relied on, his special plea must allege facts which will show vesting in him of title under the deeds relied on.

**5. Husband and wife ⚖︎49½(7)—Where husband furnishes money for land purchased, but takes title in name of himself and wife, presumption is that he intended gift or advancement to wife.**

Where husband furnishes consideration from his separate estate for land purchased, but takes title in the name of himself and wife, the presumption is that he intended the interest cast on the wife by the deed to be a gift or advancement to her.

**6. Trespass to try title ⚖︎32—Where husband claimed land conveyed to himself and wife, petition in trespass to try title, failing to allege that in paying purchase price he did not intend gift, held insufficient.**

Where husband claimed sole title to land which had been conveyed to himself and wife, petition in trespass to try title suit, after wife's death, which failed to allege that in paying purchase price from his separate estate he did not intend gift to wife, held insufficient.

**7. Trespass to try title ⚖︎32—Where plaintiff claimed land under deed to himself, without allegation showing divesting of wife's title under prior deed to himself and wife covering same land, petition held defective.**

Where plaintiff, in trespass to try title suit against children and grandchildren of himself and his first wife, claimed land under deed to himself, without allegation showing divesting of wife's title under prior deed to himself and wife covering same land, under which he also claimed, petition held defective.

**8. Trusts ⚖︎44(2)—Evidence in trespass to try title suit held not to show wife took title in trust for husband under deed to them jointly.**

Evidence, in suit to try title by husband against children and grandchildren by his first wife, held not to show that his first wife had taken her interest under deed to husband and wife in trust for him.

**9. Trusts ⚖︎41—Husband, seeking, after wife's death, to claim sole title to land notwithstanding joint deed, has burden of proving trust.**

Husband, seeking, after wife's death, in suit in trespass to try title, to establish sole title to land conveyed to himself and wife, has burden of proving that wife took in trust for him.

Appeal from District Court, Comanche County; Joe H. Eidson, Judge.

Suit in trespass to try title by A. A. Tate against W. A. Tate and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Grisham Bros., of Eastland, for appellants.
G. E. Smith, of Comanche, for appellee.

PANNILL, C. J. The appellee, A. A. Tate, brought this suit in trespass to try title against the appellants, who were his living children and certain grandchildren, being the children of his deceased children by his first marriage, to recover certain lands situated in Comanche county. The petition is in two counts; the first being in trespass to try title with general allegations as prescribed by statute. In the second count the appellee pleaded his title specially, and alleged that he deraigned his title under a deed of conveyance from W. H. and E. N. Key to himself and his deceased wife, Sallie Tate, the mother and grandmother of the appellants, and from M. J. Coggin to appellee; that the land described in the deed from Coggin to appellee covered part of the land described in the previous conveyance from Key and wife. The further allegation was made that the entire consideration recited in each of the deeds referred to was paid out of appellee's separate funds inherited by him from his deceased father; that the Key deed referred to was made during the lifetime and marital relations of plaintiff and his said wife, Sallie, and, while the name of his said wife appears as one of the grantees, in truth and in fact no community funds were used directly or indirectly in the purchase of said property. The petition shows that the deed from M. J. Coggin to appellee was made after the decease of his first wife.

There was a trial below to the court with-

out a jury and judgment in favor of appellee for all the land sued for; hence this appeal.

The principal points made by appellants are two: First, that the petition is insufficient, because the appellee, having pleaded his title specially, was confined to the title pleaded in the second count, and could not rely upon his general allegations of trespass to try title, if the title pleaded was insufficient, and that the second count was insufficient, in that, the petition showing on its face that the deed to appellee and his wife covered all the lands, including that part deeded to him by Coggin, an allegation of payment out of his separate funds was insufficient to vest title in appellee to the exclusion of his wife, because the presumption would be that, if he bought and paid for the land with his separate funds, and took the deed partly in the name of his wife, there was a gift or advancement to her, and that no facts were pleaded showing any trust in the wife in favor of appellee; and, second, that the evidence is wholly insufficient to support the judgment of the trial court, in that the evidence did not raise the issue of a trust in favor of appellee.

These contentions will be briefly reviewed in their order.

[1-3] It is the law that in trespass to try title the plaintiff is not required to plead his title specially, but, if he does so, he is confined to proof of that title, and, if his allegations are not sufficient, a general demurrer should be sustained. Plaintiff cannot, in order to resist a general demurrer to a count pleading his title specially, fall back on his general action in trespass to try title. National Lumber & Creosoting Co. v. Maris (Tex. Civ. App.) 151 S. W. 325.

[4] It is further held that, where the plaintiff pleads his title specially, and it is necessary to show any matter of fact which will connect him with the deeds relied upon, such as heirship, that his plea, to be sufficient, must allege such facts that will show a vesting in him of title under the deeds relied upon. Edwards v. Barwise, 69 Tex. 84, 6 S. W. 677.

[5, 6] It is further generally held that, where the title is taken in the name of the husband, proof by him that payment was with his separate funds is sufficient to establish his separate interest in the property, but, where the husband furnishes the consideration from his separate estate, and takes the title in the name of his wife or in himself and wife jointly, the presumption is that he intended the interest, so far as cast by the deed upon his wife, to be a gift or advancement from him. Smith v. Strahan, 16 Tex. 314, 67 Am. Dec. 622; Kennedy v. Kennedy (Tex. Civ. App.) 210 S. W. 581; Cummins v. Cummins (Tex. Civ. App.) 224 S. W. 903; 2 Devlin

on Deeds (3d Ed.) p. 2192, § 1168; Pomeroy's Equity Jurisprudence (4th Ed.) p. 2354, § 1039.

If the wife had not been named in the conveyance as a grantee, the plaintiff's allegation that the property was paid for with his own separate funds would have been sufficient to constitute it his separate property, but, where she is named as a grantee, it would seem necessary under the authorities noted to allege facts which would show that it was not the intention to make a gift to his wife in taking the deed partly in her name where his separate funds were used in the purchase of the property. So we are inclined to hold that the second count of appellee's petition was insufficient.

[7] The question as to the effect of the omission in this petition was raised by the appellants both by general demurrer and special exceptions. The petition showing upon its face that the deed from Key and wife, who were common source of title, covered all the land involved in appellee's suit, including the 175 acres described in the subsequent deed from Coggin to appellee, and there being no allegation showing any divesting of title out of appellee's wife, the exceptions to the petition, in our judgment, should have been sustained.

In view of appellants' strong insistence that the evidence was wholly insufficient to divert the title from the status created by the deed introduced by appellee, and that the judgment should be rendered by this court in their favor, and having in view another trial of the case, a brief review of the testimony will follow:

The plaintiff relied upon W. H. Key as common source of title, and introduced in evidence a bond for title from C. C. Campbell to W. H. Key, dated April 1, 1876, conveying the S. E. ⅙ of the Joseph Rubart headright of one league and labor of land in Comanche and Eastland counties, describing this tract as beginning at the southeast corner of said survey, with boundary lines running east and west of 2,582½ varas, and boundary lines north and south of 1,678 varas. This bond for title recited a consideration of $300 and the execution by Key of a promissory note for $391.93, dated March 27, 1876, bearing 10 per cent. interest, and binding the said Campbell and wife to make said Key a good and warrantable title to the land described upon the payment of said note. A warranty deed from said Key, joined by his wife, dated August 5, 1876, to Allen Tate and Sallie Tate, reciting a consideration of $300, paid by them and describing the land as described in said bond for title. A warranty deed from W. H. Key and wife to M. J. Coggin, dated February 20, 1879, reciting a consideration of $300, and conveying to said Coggin 175 acres out of the southeast corner of the tract previ-

ously conveyed to A. A. and Sallie Tate. A warranty deed from C. C. Campbell and Julia A. Campbell to W. H. Key, dated July 18, 1881, for a recited consideration of $500 cash, describing the S. E. ⅙ of said Joseph Rubart survey as described in the bond for title, except a tract theretofore sold to L. E. Johnson and son, and another supposed to contain 177 acres. These tracts attempted to be excepted are not otherwise described. A warranty, deed from M. J. Coggin to A. A. Tate, dated April 11, 1889, for a recited consideration of $306.25; $225 of this amount being in cash, and the remainder represented by a note for $81.25.

Following the introduction of these deeds, appellee's evidence was, in substance, so far as deemed material to the issues, that his first wife was Sallie Key, daughter of W. H. Key, and mother and grandmother of appellants, whom he married in the state of Arkansas; that his father-in-law preceded him to Texas and Comanche county; that appellee came to Texas, and shortly thereafter accompanied Key to see Campbell, from whom Key was purchasing the land, and Campbell agreed to make a bond for title for $300 and a note for $391.93. Key requested appellee to pay the $300 to Campbell, which appellee did, and Key executed the note, and the bond for title was executed by Campbell to Key; that the $300 paid by appellee was his separate property, inherited by him from his deceased father's estate; that in August following Key came to plaintiff with the deed above described, naming appellee and his wife, Sallie, as grantees, and said to appellee, "Get to Comanche and have it recorded; this will protect you"; that at that time Key had sold part of the land, and a money judgment had been rendered against Key, and that Key made the deed in question to protect the two parties; that at the time appellee did not understand that Key was giving to appellee all the land; that, at the time Key delivered the deed to appellee and his wife, Key had not paid appellee the $300 he had advanced, and never did pay it; that, when Key made the deed to Coggin, appellee was not requested to reconvey any part of it; that appellee claims the land sued for by virtue of the deed to himself and wife from Key and to himself from Coggin; that the entire consideration recited in the Coggin deed was paid for by appellee's separate funds; that appellee's wife, Sallie Tate, died in 1883.

It was shown without dispute that almost up to the time of the filing of the instant suit appellee always regarded and claimed the land sued for to be the joint property of himself and wife, except as to the 175 acres described in the deed from Coggin to him; that after the death of his first wife, appellee married again, and, in a divorce proceeding with his second wife, after being fully advised of the law with respect to separate and community property, he alleged in said proceedings that the property described in his petition in this case, except the 175 acres, was the community property of himself and his first wife, and so testified and procured a judgment so decreeing the status of such property.

[8, 9] Consideration of this parol evidence in connection with the deeds does not suggest to our minds any trust in the wife for the husband. It clearly appears from appellee's testimony that the deed which was made to him by Key was not executed for the purpose of conveying this entire tract of approximately 600 acres for the sum of $300. No reason is suggested why the wife's name should be inserted in the deed along with the husband, except for the purpose of vesting half the title in her. If a trust relation is to be ingrafted upon any of the conveyances noted by the parol evidence detailed, it cannot be based upon the proposition that the wife took in trust for the husband. After this long lapse of time, appellee, seeking to divert title from the status created by the deed, had the burden of establishing clearly the trust relationship claimed by him. The only proposition advanced to support such a trust relationship is the one stated that the wife held in trust in favor of the husband. As noted, the only evidence relating to the question of a trust in the wife for the appellee is that, after the deed was executed, appellee regarded and claimed the deed as vesting title jointly in himself and wife. This is directly contrary to his present contention. This much is said in view of our holding that the petition is insufficient and must be recast for another trial.

For the errors indicated, the judgment of the trial court is reversed, and the cause remanded.