## VOLLMER v. BOYD.
### No. 9436.

Court of Civil Appeals of Texas. San Antonio.

Oct. 31, 1934.

Rehearing Denied Nov. 28, 1934.

Polk & Thompson, of Pharr, and Kelley, Looney & Norvell, of Edinburg, for appellant.

Leslie & Hardin, of Edinburg, and Strickland, Ewers & Wilkins, of Mission, for appellee.

BICKETT, Chief Justice.

This was an action in trespass to try title instituted by H. B. Boyd, as trustee for V. H. Oltman, H. L. Hoffman, Alice Motley, and Lucy G. Bowers, against C. J. Vollmer and others. From a judgment in favor of plaintiff on October 28, 1933, defendant Vollmer has appealed.

The controlling issues arise from plaintiff's first amended original petition, which was filed August 4, 1933, and upon which the case was tried. That petition contained allegations in the ordinary form of a statutory action in trespass to try title and, also, allegations specially pleading the title of plaintiff.

The latter allegations, omitting descriptive matter, were: "That the basis of plaintiff's claim to title in and to said lands and premises is under and by virtue of the fact that he is trustee for the said V. H. Oltman, H. L. Hoffman, Alice Motley, and Lucy G. Bowers, who are the present owners and holders of said (certain) notes hereinafter described, * * * (describing ten promissory notes, Nos. 1, 3, 5, 6, and 9 being for $2000.00 each and Nos. 2, 4, 6, 8, and 10 being for $2310.28 each, payable to H. B. Boyd, or order, executed by Kermit Hickman), * * * same being secured by a superior title and vendor's lien in and to the lands and premises above described retained in a certain deed executed by H. B. Boyd to Kermit Hickman on January 24, A. D., 1930, conveying said lands and premises above described, which deed is recorded in volume 316, pages 275, 276, of the Deed Records of Hidalgo County, Texas; that notes Nos. 1 and 2 have heretofore been paid; and that by reason of the failure on the part of the defendant, Kermit Hickman, to pay notes Nos. 3 and 4 when due on the 2d day of January, A. D. 1932, and notes Nos. 5 and 6 when due on the 2d day of January, A. D. 1933, the said H. B. Boyd, Trustee for V. H. Oltman, H. L. Hoffman, Alice Motley, and Lucy G. Bowers, has elected to declare all of said notes due and payable and has so notified the defendants."

The defendant Vollmer, answered with a plea of nonjoinder of an alleged necessary party, a general demurrer, a general denial, and a plea of not guilty.

Upon a trial before the court without a jury, plaintiff offered in evidence over objection, the following instruments: The deed from Boyd to Hickman; the series of vendor's lien notes executed by Hickman; a deed of trust from Hickman to Everhard, trustee, additionally securing payment of the notes; deeds to successive vendees, including Vollmer; a deed from Everhard, trustee, under the power of sale contained in the deed of trust, to H. B. Boyd, trustee, dated October 4, 1932; a transfer of the unpaid notes to H. B. Boyd, trustee, dated August 30, 1933.

In an action in trespass to try title, although it is not necessary for the plaintiff to plead his title specially, if he does so, the sufficiency of the petition against a general demurrer is not tested by the general allegations but only by the allegations as to the title specially pleaded. Hughes v. Lane, 6 Tex. 291; Snyder v. Nunn, 66 Tex. 255, 18 S. W. 340; National Lumber & Creosoting Co. v. Maris (Tex. Civ. App.) 151 S. W. 325; Tate v. Tate (Tex. Civ. App.) 299 S. W. 310; Herndon v. Hayter (Tex. Civ. App.) 28 S.W.(2d) 885.

A petition in an action in trespass to try title which alleges, in specially pleading the plaintiff's title, that the plaintiff is a trustee for certain persons who are the owners and holders of vendor's lien notes and that he, as such trustee, has elected to declare the notes due for default in payment, does not state a cause of action, upon the theory of the retention by a vendor of the superior title, for the recovery of the title and possession of the property from the vendee and subvendees. The special plea shows at the outset that Boyd sues as trustee for Oltman and others, and immediately shows that they, not he, are the owners and holders of the vendor's lien notes; it concludes with the statement that he, as trustee, has declared the notes due. It contains no allegation that the owners of the notes have elected to disregard the debt and stand upon their superior title reserved in the original deed. Upon the contrary, it shows that the only affirmative action taken by any one was by him and was an acceleration of maturity and a notice of that fact to defendants. This indicates an election to stand upon the debt rather than upon the superior title. The demurrer should, therefore, have been sustained.

The plaintiff in an action in trespass to try title having specially pleaded his title, is bound by his allegations of title to the extent that he is limited in his proof to the title so pleaded. He pleaded the deed from Boyd to Hickman, the vendor's lien notes arising in connection with that conveyance, and the acceleration of maturity of the notes. He did not plead the deed from Everhard, trustee, to Boyd, trustee, nor did he by any allegation claim title through that source. This deed was dated October 4, 1932. The transfer of the notes to Boyd, trustee, was dated August 30, 1933. It is not apparent why the plaintiff chose by his special plea to stand upon the notes rather than upon the deed; but such was his choice. In this state of the pleading, if it had been sufficient against demurrer, the deed from Everhard, trustee, to Boyd, trustee, was not admissible in evidence. And the same conclusion applies to other instruments not necessary to enumerate. The authorities cited above are controlling upon this subject.

From the rule that a plaintiff in trespass to try title must rely upon the title pleaded by him, it follows that he cannot show title acquired by him after the institu-

172

tion of the suit, unless he files a proper amended pleading alleging such subsequently acquired title. The transfer of the vendor's lien notes to Boyd, trustee, was therefore inadmissible in evidence. Bradford v. Hamilton, 7 Tex. 55; Simpson v. McLemore, 8 Tex. 448; Fowler v. Hardee (Tex. Civ. App.) 16 S.W.(2d) 154.

It is unnecessary to discuss the plea of nonjoinder, founded upon the rule that all persons in possession must be made parties to an action in trespass to try title, for the reason that it does not clearly appear that the person named in the plea was in possession at the time of the filing of the plaintiff's first amended original petition. This question will probably not arise upon a future trial of the case upon pleadings amended in conformity with this opinion.

The judgment of the district court is reversed, and the cause is remanded.