**CITY OF HOUSTON, Appellant,**

**v.**

**John T. McCARTHY, Jr., et al., Appellees.**

**No. 3779.**

Court of Civil Appeals of Texas.

Waco.

Nov. 23, 1960.

Rehearing Denied Dec. 8, 1960.

R. H. Burks, Homer T. Bouldin, Houston, for appellant.

Butler, Binion, Rice & Cook, Arthur P. Terrell, Houston, for appellee.

WILSON, Justice.

This is a non-jury trespass to try title case in which findings and conclusions were filed. The trial court determined that dedicatory language, relied on by the City as establishing a road, was ambiguous; and rendered judgment for appellees. The judgment is affirmed.

Appellees' predecessor in title subdivided property in 1946. The land here involved is a strip 30 feet wide along the western edge of the subdivided tract. The plat, approved by the City Planning Commission, outlines this strip, on which are printed the words "Dedicated as road—to take effect when 30-ft. strip on west is *so acquired*." Land west of the 30-foot strip in controversy, known as Oak Hill, was owned by third persons.

The City contends that the words, "so acquired" refer to acquisition of another 30-foot strip out of Oak Hill on the west of the platted strip "as a road"—however acquired. Appellees say the words mean that the dedication of the strip in controversy was conditioned upon acquisition of the adjacent strip by dedication, and that the words "so acquired," mean: acquired by dedication. Confronted with these conflicting contentions as to its meaning, the trial court concluded that the language was ambiguous, and after hearing evidence, found that the parties intended the dedication to be conditioned upon the acquisition by dedication of the other 30-foot Oak Hill strip on the west.

Appellant first contends that the court was not warranted in holding the dedicatory words were ambiguous, or in admitting evidence as to the parties' intention, because appellees had not pleaded ambiguity. The point is overruled. The petition in trespass to try title met the requisites of Rule 783, Texas Rules of Civil Pro-

cedure. Appellant filed a plea of not guilty. Plaintiff, in this statutory action is not required to specially plead his title, 41–A Tex.Jur., Sec. 77, p. 598; and as Justice Gaines said in Edwards v. Barwise, 69 Tex. 84, 6 S.W. 677, 678, "should the petition be in the statutory form, * * * he will be permitted to adduce any competent parol evidence in order to establish his title, although the fact proposed to be established by such evidence be not specially pleaded."

■ It is contended the words of dedication, on their face, are not ambiguous; and the court erred in admitting parol evidence as to the intent of the parties. The evidence was not objected to on this ground; but since appellant's position is that the words "so acquired" unequivocally mean: acquired for road purposes by any method, we think the trial court was correct in holding that the intention of the parties can not be ascertained from the phrase employed; and the language of the dedication is ambiguous. In the light of the antagonistic contentions, we think the court was justified in considering that it at least met the test that it is doubtful, uncertain, obscure, capable of being understood in more senses than one; and has a double meaning when it is sought to apply it to a state of facts. 17 Tex.Jur.Sec. 392, p. 865.

It is further contended that the court erred in not finding as a fact, and in not concluding that the dedication was to become effective when the additional western strip was acquired for road purposes— whether by dedication, or otherwise. Although these points appear to be collateral to those previously discussed, we have treated them, as briefed, as raising no evidence points attacking the finding that the parties intended that the conditional dedication was to take effect when the 30-foot strip out of Oak Hill was likewise acquired by dedication.

■ The contention is overruled. The evidence shows that when appellees' property was subdivided, the Planning Commission of Houston refused to approve the plat without dedication of the 30-foot strip here involved, as a road. After negotiation it was "suggested that we make it conditional and add that where it says 'dedicated road'—to put a dash there, and to take effect when 30 ft. on west is so acquired;" and the city officials agreed to require dedication of the similar 30-foot strip out of Oak Hill when the latter was subdivided. "Thirty feet out of a 160 foot strip was quite a bit and I didn't want to give the land away unless the other people would give theirs. If they wouldn't give it, I wouldn't give mine." The evidence clearly shows that it was the intention, in using the words, "so acquired," that the adjacent strip be acquired by dedication also; and that this was the reason for adding the words. Some seven years later the Planning Commission approved a plat of the adjacent Oak Hill subdivision without requiring a corresponding dedication, whereupon appellees' predecessor executed quitclaim deeds to appellees to the strip involved. Appellees have since occupied and paid taxes on the strip. Appellant subsequently paid other landowners for land which had been previously dedicated conditionally as a part of the road, and acquired the Oak Hill 30-foot strip (referred to in the conditional dedication of appellees' land) by purchase. Appellant does not complain of admission of this evidence, which, with other circumstances, fully supports the finding. Galveston H. & S. A. Ry. Co. v. Johnson, 74 Tex. 256, 11 S.W. 1113, 1116; Henshaw v. Texas Natural Resources Foundation, 147 Tex. 436, 216 S.W.2d 566, 570.

Most of appellant's other points are contingent upon, or are controlled by, those dealing with ambiguity. All points have been considered and are overruled.

Affirmed.