# NO. 12-20-00059-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RON SEALE, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF CLARA LAVINIA SEALE, APPELLANT* | *§* | *APPEAL FROM THE 294TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *HORACE TRUETT SEALE AND WIFE, NAN SEALE, APPELLEES* | *§* | *VAN ZANDT COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Appellant, Ron Seale, individually and as Representative of the Estate of Clara Lavinia Seale, appeals from the dismissal of his suit for declaratory judgment and, alternatively, trespass to try title. We vacate both the order dismissing the suit for declaratory judgment and the order granting dismissal of the trespass to try title action and remand the cause to the trial court.

## BACKGROUND

On January 16, 2019, Ron sued Appellees, Horace Truett Seale and Nan Seale, seeking relief under the Texas Uniform Declaratory Judgments Act. In his petition, Ron asserted that Angus T. Seale conveyed a parcel of property in Van Zandt County to Horace and Nan on August 9, 1999. At the time of this conveyance, Clara owned an undivided interest in the property. Ron contends she never conveyed her undivided interest to Horace and Nan. Nevertheless, at the time suit was filed, Horace and Nan had taken possession "of the aforesaid property as full interest owners to the exclusion of Clara Lavinia Seale and her estate." Ron asked the court to render a judgment declaring that Horace and Nan have no right at law or in

1

equity to the property or, in the alternative, if the court found that Horace and Nan did have an interest in the property, to declare the specific nature and value of any such interest.

On May 9, Horace and Nan filed a motion to dismiss pursuant to Texas Rule of Civil Procedure 91a. They argued that Ron's declaratory judgment action was without basis in law, because Texas requires that rival claims to title or right of possession be brought as trespass to try title actions. They also contended that Ron lacked standing because he "is clearly not 'interested under' the deed."

On June 21, Ron filed Plaintiff's First Amended Original Petition adding a trespass to try title claim. Ron maintained that he was the fee simple owner of the subject property or, alternatively, that he held, under color of title, peaceable, continuous, and adverse possession of the property for more that three years before the filing of his suit. Three days later, on June 24, the trial court granted the motion to dismiss Ron's claim for declaratory relief and awarded costs and reasonable attorney fees to Horace and Nan.

On August 19, Horace and Nan moved to dismiss Ron's surviving trespass to try title suit. They maintained that Ron's trespass to try title suit had no basis in law, because the pleadings show that he has no interest in the disputed property, and therefore, lacks standing to bring suit. The trial court dismissed Ron's trespass to try title claim on December 9. This appeal followed.

## RULE 91a DISMISSAL

In a single issue, Ron contends that the trial court erred by signing a Rule 91a order because the ruling did not comply with Rule 91a. Specifically, Ron maintains that the trial court did not closely consider his live pleading.

### Standard of Review

Rule 91a.1 provides that a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1.

> A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

*Id*.

2

The court of appeals reviews de novo the merits of a motion to dismiss a claim for lack of basis in law or fact. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam). In determining whether a cause of action has any basis in law or fact, a reviewing court looks solely to the petition and any attachments to determine if the dismissal standard is satisfied. *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). In its review, the court of appeals must liberally construe the plaintiff's pleading and accept as true the factual allegations therein. *Id*. The trial court may not consider evidence in ruling on the motion and must decide the motion solely on the plaintiff's pleading of the cause of action, together with any exhibits permitted by Rule 59. *Id*.; *see* TEX. R. CIV. P. 59 (exhibits and pleading).

In conducting its review, the appellate court applies the Texas fair notice pleading standard. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007). Under that standard, the court assesses the sufficiency of the pleadings by determining whether an opposing party could ascertain from the pleading the nature of the case, the basic issues involved, and the type of evidence that might be relevant to the controversy. *Id*. "Even the omission of an element is not fatal if the cause of action 'may be reasonably inferred from what is specifically stated.'" *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding). Rule 91a provides a harsh remedy and we must strictly construe the Rule's requirements. *See Darnell v. Rogers*, 588 S.W.3d 295, 304 (Tex. App.—El Paso 2019, no pet.); *Bedford Internet Office Space, L.L.C.v. Tex. Ins. Group, Inc.*, 537 S.W.3d 717, 720 (Tex. App.—Fort Worth 2017, pet. dism'd); *Gaskill v. VHS San Antonio Partners, LLC*, 456 S.W.3d 234, 238 (Tex. App.—San Antonio 2014, pet. denied).

**Applicable Law**

The Texas Declaratory Judgments Act provides that "[a] person interested under a deed, will, written contract . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2020). The Act does not alter a trial court's jurisdiction. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). Rather, it is merely a procedural device for deciding cases already within a court's jurisdiction. *Id*. Even though a litigant couches its requested relief in terms of declaratory relief, the underlying nature of the suit is not altered. *Id*.

If the dispute requires a determination of ownership of lands, tenements, or other real property, a trespass to try title action is the method of determining title. TEX. PROP. CODE ANN. § 22.001(a) (West 2014). The action of trespass to try title is the only formal civil action known to our law. *Rains v. Wheeler*, 76 Tex. 390, 13 S.W. 324, 325 (1890). The rules applicable in an action of trespass to try title provide for a type of pleading that does not comply with the rules of good pleading applicable to other classes of actions. *Meade v. Logan*, 110 S.W. 188, 190 (Tex. Civ. App 1908, writ dism'd). If the plaintiff's petition substantially follows the provisions of Texas Rule of Civil Procedure 783, it is sufficient for pleading purposes. *Martin v. McDonnold*, 247 S.W.3d 224, 239 (Tex. App.—El Paso 2006, no pet.); *see* TEX. R. CIV. P. 783 (requisites of petition). This is true even though the allegations may be fictitious. *Wagner v. Pulliam*, 361 S.W.2d 470, 473 (Tex. Civ. App.—Eastland 1962, no writ). The plaintiff's petition must describe the property by metes and bounds or with sufficient certainty so that possession may be delivered. TEX. R. CIV. P. 783(b); *Leach v. Cassity's Estate*, 279 S.W.3d 630, 636 (Tex. Civ. App.—Fort Worth 1955, writ ref'd n.r.e.). The petition must state the interest that plaintiff claims in the premises "whether it be a fee simple or other estate; and, if he claims an undivided interest, the petition shall state the same and the amount thereof." TEX. R. CIV. P. 783(c). The petition should allege that plaintiff was in possession or entitled to possession, and that the defendant unlawfully entered upon and dispossessed him of the premises and withholds the possession thereof. TEX. R. CIV. P. 783(d), (e). The plaintiff need not specially plead his title unless his title is based on limitations or on facts and circumstances calling for equitable relief. *See Meade*, 110 S.W. at 190. The petition need not state how or when the plaintiff acquired title or the grounds entitling him to possession. *Id.*; *see City of Houston v. McCarthy*, 340 S.W.2d 559, 561 (Tex. Civ. App.—Waco 1960, writ ref'd n.r.e.). "[S]hould the petition be in the statutory form . . . [the plaintiff] will be permitted to adduce any competent parol evidence in order to establish his title, although the fact proposed to be established by such evidence be not specially pleaded." *Edwards v. Barwise*, 69 Tex. 84, 6 S.W. 677, 678 (1887).

In order to prevail in a trespass to try title action, the plaintiff must prove title by showing (1) a regular chain of title of conveyances from the sovereign to the plaintiff, (2) a superior title to that of the defendant out of a common source, (3) title by limitations, or (4) prior possession which has not been abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004),

4

superseded by statute on other grounds as stated in **Brumley v. McDuff**, 616 S.W.3d 826 (Tex. 2021).[1]

**Declaratory Judgment**

Horace and Nan argue that Ron's suit requesting declaratory relief has no basis in law because he asked the court to determine title to real property through a declaratory judgment action. Therefore, they maintain the trial court properly dismissed the suit pursuant to Rule 91a. They also contend that the "pleadings" show that Ron has no interest in the disputed property and has no standing to bring a trespass to try title suit.

In considering a Rule 91a motion, the trial court is restricted to deciding the motion based solely on the plaintiff's "*pleading of the cause of action.*" TEX. R. CIV. P. 91a.6 (emphasis added). The court cannot hear evidence on the motion. *Id*. The trial court and the reviewing court must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleading. **Wooley**, 447 S.W.3d at 76. The court applies the Texas fair notice pleading standard in its review. **Low**, 221 S.W.3d at 612.

We agree with Horace and Nan that a trespass to try title action is the exclusive method to adjudicate rival claims of title to real property. However, we conclude that Ron's suit, though requesting declaratory relief, is essentially a trespass to try title action. In his petition, Ron alleged that he is the representative of the Estate of Clara Lavinia Seale, who he asserts is the undivided interest owner in the described property, and that Horace and Nan took possession of the property to the exclusion of Clara and her estate. Ron avers that Horace and Nan have no rights and no title in Clara's ownership of the property. He asked the court to render judgment that Horace and Nan have no right at law or in equity to the subject property.

Liberally construing Ron's petition and accepting its factual allegations as true, we conclude that Ron has, albeit imperfectly, substantially and effectively alleged a trespass to title claim. From Ron's pleading, the opposing party could easily ascertain the nature of the case, the basic issues involved, and the type of evidence relevant to the case. *See id*.

Even though Ron requested declaratory relief, "the underlying nature of the suit is not altered." **Sawyer Trust**, 354 S.W.3d at 388; *see* **Teon Mgmt.**, **L.L.C. v. Turquoise Bay Corp.**,

---

[1] The legislature amended the Declaratory Judgment Act in 2007 to specifically allow a person to obtain declaratory relief to determine the proper boundary line between adjoining properties when that is the sole issue concerning title. **Eggemeyer v. Hughes**, No. 08-19-00002-CV, 2021 WL 1248541, at *7 (Tex. App.—El Paso Apr. 5, 2021, no pet. h.) (op. on reh'g); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(c) (West 2020).

357 S.W.3d 719, 728 (Tex. App.—Eastland 2011, pet. denied) (analyzing claim for declaratory relief as a claim for trespass to try title); *Loeffler v. Lytle Ind. Sch. Dist.*, 211 S.W.3d 331, 339 (Tex. App.—San Antonio 2006, pet. denied) (concluding that Lytle ISD's declaratory judgment action was essentially a trespass to try title claim); *see also Vernon v. Perrien*, 390 S.W.3d 47, 55 (Tex. App.—El Paso 2012, pet. denied); *Parker v. Hunegnaw*, 364 S.W.3d 398, 402 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Ramsey v. Grizzle*, 313 S.W.3d 498, 504 (Tex. App.—Texarkana 2010, no pet.). Texas courts consider the substance and not the form of the pleadings in deciding whether an action is properly considered as a trespass to try title or a declaratory judgment action. *I-10 Colony, Inc. v. Chao Kuan Lee*, 393 S.W.3d 467, 476 (Tex. App.—Houston [14th Dist.] 2012, pet. denied); *see e.g.*, *Longoria v. Lasater*, 292 S.W.3d 156, 165 (Tex. App.—San Antonio 2009, pet. denied); *Hawk v. E.K. Arledge, Inc.*, 107 S.W.3d 79, 84 (Tex. App.—Eastland 2003, pet. denied). The inclusion in the petition of a request for declaratory relief is not fatal to an otherwise legally cognizable trespass to try title action.[2]

Horace and Nan also contend that Ron has no interest in the subject property, and therefore lacks standing to assert a trespass to try title action. They argue that the pleadings show his lack of standing. Ron's original petition asserts the ownership of an undivided interest in the property. The scope of the trial court's inquiry, and ours, is strictly limited to the plaintiff's petition, whose allegations must be taken as true and interpreted liberally in favor of the pleader. Ron's lack of ownership or lack of authority to act for the estate would have to be shown by evidence outside Ron's petition. In considering a Rule 91a motion, the court may not receive evidence, but, "as if with blinders," confine its inquiry to the plaintiff's petition. We read the petition to allege an undivided ownership interest. Ron's lack of standing is not apparent from his petition.

**Trespass to Try Title**

The trial court dismissed Ron's suit containing the request for declaratory relief. But the court did not rule on the second count of trespass to try title alleged in his First Amended Petition, which was filed three days before the court's ruling. Horace and Nan moved to dismiss

---

[2] This is not the first time this Court has addressed this same controversy involving the same parties and the same arguments. *See Seale v. Seale*, No. 12-15-0004-CV, 2015 WL 4471679 (Tex. App.—Tyler July 22, 2015, pet. denied) (mem. op.). Several years prior to filing the instant case, Ron filed a petition for declaratory judgment in the County Court at Law of Van Zandt County and made the same allegations as in the present case. *Id*. at *1. The County Court at Law dismissed the suit for want of jurisdiction. *Id*. We affirmed, holding that despite Ron's claim that his suit was a declaratory judgment action seeking the interpretation of a deed, Ron's suit sought an adjudication of title to real property. *Id*. at *1-2. Hence, the County Court at Law had no jurisdiction. *Id*. at *1.

the trespass to try title claim arguing that Ron's pleading failed to show that he has title in the property sought to be recovered and how such title was acquired. They contend that Ron showed none of the following: (1) a regular chain of conveyances from the sovereign, (2) superior title out of a common source, (3) title by limitations, or (4) prior possession that has not been abandoned. *See Martin*, 133 S.W.3d at 265. They further maintain that Ron's suit was properly dismissed because he has shown no proof, documentary or otherwise, of a right to recover under either of the four *Martin* methods.

In deciding a motion under Rule 91a, the trial courts and the reviewing courts must look solely to the plaintiff's petition and may not consider evidence of any kind. *Wooley*, 447 S.W.3d at 74. Liberally construing the pleading, the court must determine if an opposing party could ascertain the nature of the case, the issues involved, and the type of evidence relevant to the controversy. *See Low*, 221 S.W.3d at 612.

Contrary to Horace and Nan's assertion that "Plaintiff must show the Court that he has title and how such title was acquired," the plaintiff in a trespass to try action need not specially plead his title unless his title is based on limitations or on circumstances calling for equitable relief. *Meade*, 110 S.W.3d at 190. This means the petition need not state how or when the plaintiff acquired title or the grounds entitling him to possession. *Id.;McCarthy*, 340 S.W.2d at 561. It is necessary that the plaintiff prove title by one of the four *Martin* methods *in order to prevail*. But it is not necessary that they be pled or supported by proof in the petition.

Horace and Nan maintain that the trial court properly dismissed Ron's second count entitled "Trespass to Try Title" because he failed to properly plead a trespass to try title claim. They point out that Ron's petition alleges he is "a fee-simple undivided interest owner" in the subject property, but does not state the amount of that interest. The Rules of Civil Procedure require that the plaintiff state the interest which he claims in the premises, whether it be a fee simple or other estate; and, if he claims an undivided interest, he must state the amount thereof. TEX. R. CIV. P. 783(c). An allegation that the plaintiff claims an "undivided interest," without more, is subject to special exception. *See* 2 Roy W. McDonald & Elaine A. Carlson, *Texas Civil Practice* § 8:49 (2d ed. 2002); *Donaldson v. Cleveland*, 157 S.W.2d 689, 690-91 (Tex. Civ. App.—Fort Worth 1941, writ ref'd w.o.m.). If the court finds a special exception to be well founded, the pleader has the opportunity to amend to cure the defect identified. After sustaining a special exception, the trial court may not dismiss the pleading until the pleader has been given

the opportunity to amend and refuses, or amends and fails to state a cause of action or defense. ***Steele v. City of Houston***, 603 S.W.2d 786, 788 (Tex. 1980); ***Mowbrey v. Avery***, 76 S.W.3d 663, 677 (Tex. App.—Corpus Christi 2002, pet. denied). Failure to properly plead an undivided interest is not a flaw so fatal as to justify summary dismissal with no opportunity to amend. Thus, we conclude that the trial court erred in dismissing under Rule 91a, Count 2 of Ron's First Amended Petition titled "Trespass to Try Title."

For the reasons discussed above, we sustain Ron's sole issue.

### DISPOSITION

Because we sustain Ron's sole issue, we ***vacate*** both the order of the trial court dated June 24, 2019 and the order of December 9, 2019. The judgment is ***reversed*** and the cause is ***remanded*** for further proceedings consistent with this opinion.

**BILL BASS**
Justice

Opinion delivered April 28, 2021.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 28, 2021**

**NO. 12-20-00059-CV**

**RON SEALE, INDIVIDUALLY AND AS THE REPRESENTATIVE
OF THE ESTATE OF CLARA LAVINIA SEALE,**
Appellant
V.
**HORACE TRUETT SEALE AND WIFE, NAN SEALE,**
Appellees

Appeal from the 294th District Court
of Van Zandt County, Texas (Tr.Ct.No. 19-00013)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in the order dated June 24, 2019, dismissing the suit for declaratory judgment and the order dated December 9, 2019, granting dismissal of the trespass to try title action of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*