## N. J. WADE ET AL. v. N. B. BOYD.

### Decided November 8, 1900.

**1. Trespass to Try Title—Costs.**

Where plaintiff sues in trespass to try title for a tract of land, and the defendants deny his right of recovery in toto, he is entitled to his costs if he recovers any part of the land.

**2. Same—Common Source—Outstanding Title.**

Where an execution deed was the common source of title of both parties to the suit, the authority of the executor to make it will be presumed, and neither of the parties could question the validity of the deed; and, in any event, as the burden of proof was on the defendants to show an outstanding title, it was necessary for them to affirmatively prove such facts as would show that the estate was not bound by the conveyance.

**3. Deed to Two Persons Conveys Equal Moities—Presumption.**

Where a deed conveys the land to two grantees therein, without specifying their respective interest, the presumption is, in the absence of proof of the amount of purchase money paid by each, that they own the land in equal shares, and a subsequent conveyance by one of the grantees of an undivided interest of 40 acres in the land does not raise a presumption that such number of acres was the grantee's whole interest so as to overcome the presumption of ownership in equal shares.

**4. Deed to Specific Part by Owner of Undivided Interest—Presumption.**

Where heirs owning together an undivided interest of 48 acres in a larger tract of land conveyed to another their interest in 48 acres, to be taken off the west end of the tract, the deed presumptively conveys their entire interest in the whole tract.

**5. Trespass to Try Title—Recovery Upon Equitable Title—Pleading.**

Under a petition containing only the usual averments in the statutory action of trespass to try title, plaintiff may recover upon proof of an equitable title.

**6. Same—Amendment—Date of Ouster—Costs.**

Where the original petition in trespass to try title claimed an undivided interest in the land and alleged the ouster as on December 1st, an amended petition claiming the entire tract and alleging the ouster on a date subsequent to the filing of the suit, set up a new cause of action, entitling defendants to costs up to the filing of the suit as a matter of right, and not in the discretion of the court; and where the court's explanation, attached to a bill of exceptions, that the discrepancy as to the dates of the ouster was due to a clerical mistake, was based on the unsworn, ex parte statement of counsel for plaintiff, such explanation will not be considered by the appellate court.

APPEAL from Limestone.　Tried below before Hon. L. B. COBB.

*N. J. Wade,* for appellant.

*Doyle, Bradford & Harper,* for appellees.

TEMPLETON, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by the appellee, N. B. Boyd, against the appellants, N. J. Wade, H. C. Hughes, and Guy Wade.　By his original petition, filed December 17, 1898, the appellee sought to recover of the appellants 48½ acres of land off the west end of a tract supposed to contain 177 acres. On June 22, 1899, the appellee amended his petition and asserted title to the entire tract, and asked for partition in the event he recovered only an undivided interest therein.　The defense interposed was a general denial and the statutory plea of not guilty.　On the trial it was shown that the tract of land in controversy contained only 157 acres.　Judgment was rendered for the appellee for an undivided interest of 32.09 acres; for the appellants for 118½ acres, and, because it appeared that the remaining interest of 6.41 acres was owned by persons not parties to the suit, partition was refused.

All the costs were taxed against the appellants, and they question the correctness of the judgment in that particular.　Appellee, having sued for the entire tract, and appellants having denied his right to any of it, and appellee having recovered part of it, was entitled to judgment for his costs.　But appellants contend that, as appellee in his original petition alleged that the eviction occurred on December 1, 1898, and in his amended petition alleged that it took place on the last day of December, 1898, the costs, at least up to the time of the filing of the amendment, should have been taxed against him.　It appears from the explanation of the trial judge attached to the bill of exceptions that the allegation contained in the amended petition concerning the date of the ouster was a clerical mistake, and that it was intended to be averred as in the original petition.　It is not shown that any right or defense was acquired or lost by either party between the time of the filing of the original petition and the date of the ejectment alleged in the amended petition.　In view of these facts, and the further facts that no delay was occasioned by the filing of the amendment, and that no surprise or injury to appellants resulted therefrom, we think that the action of the trial court in taxing all the costs against appellants was correct.　At any rate, it was within the sound discretion of the court to do so, and no abuse of discretion is shown.　We do not think that the decision of our Supreme Court in the case of Ballard v. Carmichael, 83 Texas, 355, is in conflict with the conclusion we have reached.

The land in controversy was once owned by W. N. Anderson.　He conveyed it to John Boyd, who died testate.　By the will, Horace Boyd and S. B. Campbell were appointed independent executors without bond. The will was probated, and Boyd and Campbell qualified as executors

and conveyed the land in controversy to J. B. Wortham and D. R. Wortham. The appellants claim through J. B. Wortham, and the appellee claims through D. R. Wortham. It is insisted by appellants that the facts stated are not sufficient to show authority in the executors to make the deed to the Worthams, and that the real title to the land is outstanding in the estate of John Boyd. The principle is well established that the plaintiff in an action of trespass to try title need not trace his title beyond the common source. In this case, the Worthams were the common source of title of all parties to the suit, and the appellee was not bound to prove any title back of them. Rice v. Railway, 87 Texas, 90. Both the appellants and the appellee claim under the deed from the executors of Boyd's estate to the Worthams, hence, as between themselves, neither party can question its validity. In any event, the burden of showing outstanding title was on the appellants, and to do so it was necessary for them to prove such facts as would show that the estate was not bound by the conveyance. We do not think they have done so, and we conclude that their contention on this point is not well taken.

The deed to the Worthams did not specify the interest of either of the grantees, and there is no proof concerning the amount of the purchase money paid by each. The presumption therefore is that they owned the land in equal shares. Cage v. Tucker, 14 Texas Civ. App., 318. D. R. Wortham conveyed to J. B. Wortham an undivided interest of 40 acres in the land bought by them from Boyd's executors. We do not think that this deed raises the presumption that the interest conveyed was D. R. Wortham's entire interest in the whole tract and overcomes the presumption, arising from the first deed, that they owned the land in equal shares.

D. R. Wortham died, leaving surviving him as his heirs at law a widow and nine children. The children deeded to their mother their interest in 48½ acres, to be taken off the west end of the 177 acres. On the theory that the tract contained 177 acres, D. R. Wortham, at the time of his death, owned an undivided interest of 48½ acres, which, being community property, belonged one-half to the widow and one-half to the children. We think it is obvious that it was the intention of the children to convey to their mother their entire interests in the whole tract, and that they assumed the power to designate the particular part of the tract they desired her to have. Had this designation been accepted and acquiesced in by the other cotenants, it would have been binding on all parties. But, as this is not shown, we think that the effect of their deeds was to convey to Mrs. Wortham their entire interests in the whole tract. Wells v. Heddenburg, 11 Texas Civ. App., 3. In this connection we will add that on the trial the deeds of three of the children were excluded on the ground that the certificates of acknowledgment thereto were defective, and that these children were held by the court below to be the owners of the interest of 6.41 acres owned by persons not parties to the suit.

Mrs. Wortham made a power of attorney to N. O. Wortham author-

izing him to sell and convey 48½ acres, to be taken off the west end of the 177 acres, and said attorney in fact sold 48½ acres off said west end to M. C. George, who in turn sold to the appellee. It is urged by appellants that the deed from the attorney in fact conveyed only Mrs. Wortham's undivided interest in the 48½ acres, and not her interest in the entire tract. We think it is clear, from the facts above stated, that she intended to part with her interest in the 177 acres, and that the purchaser from her agent and attorney in fact got all the title she had therein, together with all the equities held by her, and subject to all the rights of the other cotenants. Of course the presumption arising from the facts stated might be overcome by controverting testimony, but the appellants did not undertake to do this, and we conclude that their contention that appellee should have been restricted in his recovery to the interest of Mrs. Wortham in the 48½ acres can not be sustained.

It is claimed by the appellant that, as the appellee's petition contained only the usual averments of the statutory action of trespass to try title, and as he proved only an equitable title to any interest in that part of the 177 acres not embraced in the 48½ acres, he can not recover on such equitable title. The authorities cited by appellants do not sustain this contention. We do not understand that it is necessary for the plaintiff who relies on an equitable title to plead specially the facts on which his title is based. When his petition contains simply the customary allegations he may prove any fact tending to establish his title. Edwards v. Barwise, 69 Texas, 85. In a suit for partition hereafter all the equities of the parties may be set up, notwithstanding this judgment which only determines the amount of appellee's interest in the land in controversy, and does not preclude the adjustment of their respective equities. Grigsby v. Peak, 68 Texas, 235.

What we have said above disposes of all of appellants' assignments of error. The appellee has filed cross-assignments, which he asks to be considered only in the event that to do so would not require the remanding of this cause for another trial. We are of the opinion that, should the cross-assignments be sustained, it would be necessary to remand the cause, hence we will not consider same. The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

The appellants complain that we erred in stating that the Worthams were the common source of title. The doctrine of common source is based on the law of estoppel. When the titles under which both parties claim are traced back to the same person, neither party is permitted to deny that their common vendor had title. In this case, the Worthams claimed under a deed made to them jointly by Boyd's executors, and both of them were estopped, as between themselves, to assert that the executors had no authority to make the deed, and the estoppel applies to their privies and assigns. In a technical sense, the Worthams were

not the common source of the title of the appellants and of the appellee, but the deed under which the Worthams claimed was the source of their title and of the title of their heirs and assigns, the parties to this suit. Since a party claiming under a deed can not question its validity, the appellants can not deny the authority of the executors of Boyd to make the deed under which they claim, and it is immaterial whether the Worthams were, technically, the common source of title. With reference to the question as to the burden of proof on the issue as to whether Boyd's executors had authority to make the deed, we will observe that if the plaintiff, in order to make out a prima facie case, was compelled to establish the validity of the deed, then he was bound to prove the existence of said authority. But as both parties claimed under the deed and neither party could question its validity, it was not necessary for him to make such proof.

The appellants contend that we erred in holding that the costs of the trial court up to the time of the filing of the amended petition should not have been taxed against the appellee, and after mature consideration we are convinced that the contention is correct. A careful inspection of the bill of exceptions shows that the explanation thereto of the trial judge was based on the unsworn ex parte statement of counsel for appellee. The explanation can not, therefore, be considered, and it follows that we erred in finding that the date of eviction alleged in the amended petition was a clerical mistake. The amended petition, which claimed the entire 177 acres instead of the 48½ acres sued for in the original petition, and which alleged an ouster subsequent to the filing of the suit, must be held to have set up a new cause of action. In such case the costs, up to the time of the filing of the amendment, should be taxed against the plaintiff in the suit, and the court had no discretion to tax them otherwise. The motion for rehearing will be granted, and it is ordered that the costs of this court and the costs of the court below, up to the time of the filing of the amended petition, be taxed against the appellee. In all other respects the judgment is affirmed.

*Reformed and affirmed.*

Writ of error refused.