FORD et al. v. THOMPKINS et al.
(No. 10218.)

Court of Civil Appeals of Texas. Dallas.
July 14, 1928.

Rehearing Denied July 31, 1928.

1. Trespass to try title ⬅=32, 39(1)—Plaintiff in trespass to try title need not plead title, but need only state interest claimed, and may establish title by any evidence of legal right to land (Rev. St. 1925, arts. 7364, 7366, subd. 3, 7375).

Under Rev. St. 1925, arts. 7364, 7366, subd. 3, and article 7375, plaintiff in trespass to try title is not required to plead his title, but need only state the interest claimed, whether a fee simple or other estate, and may establish title by any evidence of right to land recognized by article 7375.

2. Trespass to try title ⬅=41(1)—Taking title to land for benefit of another, who agrees to pay and pays consideration, establishes equitable title.

Equitable title to land is established, where one takes title for the benefit of another, who agrees to pay and does pay the consideration.

3. Trespass to try title ⬅=41(1)—Plaintiff's testimony need not be corroborated to sustain verdict for her in trespass to try title (Rev. St. 1925, art. 3714).

Under Rev. St. 1925, art. 3714, plaintiff's testimony as to her interest in trespass to try title need not be corroborated to raise the issue or sustain jury's verdict for her.

4. Appeal and error ⬅=544(1)—Admission of testimony will not be considered, where not presented by bill of exception (Court of Civil Appeals Rule 55).

Court's ruling, permitting plaintiff to testify in trespass to try title that defendant mistreated her, will not be considered on appeal,

where not presented in bill of exception as required by Court of Civil Appeals Rule 55.

5. Appeal and error ⬅=742(4)—Statement in record that no testimony of qualified witness as to rental value of property was introduced held insufficient to present incompetency of such evidence.

Statement in record on appeal that no testimony of any witness qualified to state rental value of property, except as to one lot, was introduced in trespass to try title, held insufficient to present objection that evidence of rental value was incompetent and not confined to any definite time; court not being required to search through statement of facts for evidence.

6. Appeal and error ⬅=544(1)—Assignment that evidence, admitted without objection or bill of exception, was incompetent, cannot be considered, in absence of bill of exception.

Assignment that evidence of rental value of property in trespass to try title was incompetent and not confined to any definite time need not be considered on appeal, where no objection was made thereto on such ground, nor any bill of exception taken to its admission.

7. Trespass to try title ⬅=47(1)—Evidence and jury's findings held to justify judgment for plaintiff in trespass to try title.

Judgment for plaintiff in trespass to try title held justified by, and in harmony with, jury's findings and evidence as to amount of plaintiff's money used by defendant in paying balance due for land contracts and making improvements on lots.

8. Trespass to try title ⬅=56—Defendant held not entitled to adjustment of equities in trespass to try title, but not precluded by adverse judgment from maintaining separate suit to establish claim for improvements.

Only issue made by pleadings and adjudicated in trespass to try title being title to property, defendant was not entitled to adjustment of equities therein, but is not precluded by judgment for plaintiff from maintaining separate action to establish claim for valuable improvements made with her own means.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Trespass to try title by Mrs. Loutheree C. Thompkins and husband against Mrs. Fannie M. Ford and husband. Judgment for plaintiffs, and named defendant appeals. Affirmed.

Allen & Allen, of Dallas, for appellant.

White & Yarborough, of Dallas, for appellees.

LOONEY, J. Loutheree Thompkins, née Capehart, joined pro forma by her husband, H. L. Thompkins, sued her grandparents, Mrs. Fannie M. Ford and her husband, F. M. Ford, in trespass to try title, and sought to establish, by proof of an express trust, equitable title to three lots in Ervay Cedars addition to Dallas. Defendants pleaded not

guilty, but later F. M. Ford, the grandfather, repudiated the answer theretofore filed for him. and in propria persona answered admitting the truth of plaintiff's allegations.

The contention of plaintiff was to the effect that, while in the service of the Dallas Cotton Mills, she received a personal injury, for which she recovered damages in the sum of $1,666.66 from an indemnity company, which was paid into the registry of court for her benefit; that her grandmother, with whom she resided, insisted that she should have her disabilities of minority removed so the money could be used to purchase and improve the land in controversy, and accordingly this was done the day she became 19 years of age, and thereupon she withdrew the money from the registry of court, deposited it in a savings account with the Mercantile Bank & Trust Company of Dallas, and later, in compliance with the request of her grandmother, plaintiff checked out the money, turned it over to her grandmother, who invested same in the purchase and improvement of the lots, taking title thereto in her name, telling plaintiff that land could not be conveyed to her until she reached 21 years of age, but assuring plaintiff that, when she became 21, or should marry, the property would be conveyed to her. Relying on the statements of her grandmother, plaintiff made no request for a conveyance of the property until attaining her majority, but on that day wrote, requesting a conveyance, which her grandmother refused, and this suit was instituted for its recovery.

While the evidence was conflicting on the main issue (that is, as to the existence whether or not of the express trust, upon which plaintiff relied to establish an equitable title to the property), the answers of the jury to special issues submitted, sustained plaintiff's contention throughout. They found that Mrs. Ford used plaintiff's money to purchase and improve the three lots in question, and, having also found the rental value of the property, the court rendered judgment on the verdict and the facts otherwise for plaintiff against defendants for the title and possession of the land, and for rents, as found by the jury, from the date of the institution of the suit.

In our opinion, the verdict of the jury was warranted by the evidence, and, on the issues determined, we adopt their findings as our conclusions. Mrs. Ford alone appeals.

[1] Appellant's main contention is to the effect that, as plaintiff's suit is the statutory action of trespass to try title, and having failed to allege the facts relied upon to establish an equitable title to the property (that is, an express trust), the court committed reversible error in admitting evidence, over appellant's objection, tending to establish the existence of the trust, and erred in refusing to instruct a verdict in her favor.

We cannot accept appellant's view of the matter. Article 7364 (7731) (5248) (4784), R. S. 1925, provides that:

"All fictitious proceedings in the action of ejectment are abolished. The method of trying titles to lands, tenements or other real property shall be by action of trespass to try title."

In such an action, plaintiff is not required to plead his title; it is sufficient if he states the interest claimed, whether a fee simple or other estate (article 7366, subd. 3 [7733] [5250] [4786], R. S. 1925), and title may be established by any evidence of right to land recognized by the laws of this state (article 7375 [7742] [5259] R. S. 1925). Also see Edwards v. Barwise, 69 Tex. 84, 6 S. W. 677; Wade v. Boyd, 24 Tex. Civ. App. 492, 60 S. W. 360, 362; Pierce v. Texas Rice Development Co., 52 Tex. Civ. App. 205, 114 S. W. 857, 859; Blumenthal v. Nussbaum (Tex. Civ. App.) 195 S. W. 275, 281.

In Edwards v. Barwise, supra, Judge Gaines, for the Supreme Court, stated the prevailing rule as follows:

"When a plaintiff in an action of this character pleads specially his title and any link in the chain is dependent upon a fact resting in parole, such as heirship, etc., that fact should be alleged otherwise he will not be permitted to prove it. But should the petition be in the statutory form as in the present case, he will be permitted to adduce any competent parole evidence in order to establish his title, although the fact proposed to be established by such evidence be not specially pleaded. A different rule would require, in trespass to try title, one who claims as heir or through heirs to set forth not only the fact of heirship, but also the entire chain of conveyances upon which he relied; and would thereby deprive him of the privilege conferred by the statute."

[2] That an equitable title to land is established, where one takes title for the benefit of another, who agrees to pay and does pay the consideration, is not an open question. See Parker v. Coop, 60 Tex. 111, 118; Gardner v. Randall, 70 Tex. 453, 456, 7 S. W. 781; Burns v. Ross, 71 Tex. 516, 519, 9 S. W. 468; Kinlow v. Kinlow, 72 Tex. 639, 10 S. W. 729; Watson v. Harris, 61 Tex. Civ. App. 263, 130 S. W. 237, 241; Penman v. Blount (Tex. Civ. App.) 264 S. W. 169; Johnson v. Smith, 115 Tex. 193, 280 S. W. 158.

[3] Appellant argues, however, that, as plaintiff relied exclusively on her uncorroborated testimony to prove that she gave money to her grandmother for these investments, it was error for the court to submit the issue to the jury on that evidence alone. We cannot agree with appellant. Plaintiff's testimony on the issue under consideration was sufficiently corroborated by facts and circumstances, which will not be stated here because in our opinion it was not essential that plaintiff be corroborated, in order to

raise the issue or sustain the verdict of the jury.

Article 3714 (3688) (2300) (2246) R. S. 1925, provides that:

"No person shall be incompetent to testify on account of color, nor because he is a party to a suit or proceeding or interested in the issue tried."

Since the enactment of this statute in 1871, the two witness rule, or the one with corroborating circumstances that obtains in some jurisdictions in cases of this and like character, is not applied in this state. We are therefore of the opinion that, even if plaintiff's testimony stood without corroboration, the jury was warranted in finding the issues in her favor. See Pierce v. Fort, 60 Tex. 464, 471; American, etc., Co. v. Pace, 23 Tex. Civ. App. 222, 56 S. W. 377, 393; Mondragon v. Mondragon (Tex. Civ. App.) 239 S. W. 650, 653.

[4] Error is assigned on the action of the court in permitting plaintiff to testify, over appellant's objection, that her grandmother whipped her and tore her dress; the contention being that the evidence was calculated to prejudice the jury. The ruling of the court is not presented in a bill of exception, as required by rule 55, promulgated for district and county courts, and therefore will not be considered.

[5, 6] Appellant also contends that the evidence in regard to the rental value of the property was incompetent and not confined to any definite time, and therefore it was error to submit that question to the jury.

The assignments and propositions presenting this question could with propriety be ignored, for the reason that they are not supported by proper statements from the record. Appellant's only statement in regard to the matter is that "no testimony of any witness qualified to state the rental value was introduced, other than as to one lot." This is insufficient. The court is not required to search through a statement of facts on a hunt for evidence bearing on a particular question, in order to determine whether it is or is not competent. Besides, it does not appear that any objection was made to the evidence on the ground of its incompetency, nor was a bill of exception taken to the action of the court in admitting same.

The record discloses, however, an abundance of competent evidence on the issue of rents, that not only demanded the submission of the issue, but fully sustains the finding of the jury.

[7] Appellant contends further that, the court erred in rendering judgment in favor of plaintiff, for the reason that the same is not in harmony with the findings of the jury, and furthermore that the court failed to take cognizance of and to properly adjudicate equities that the evidence disclosed in her favor.

The facts pertinent to this contention are these: Rosser J. Coke owned Ervay Cedars addition, and had contracted to sell the lots in question to other persons for $220 each, and agreed that, after a certain number of monthly installments were paid, with interest, he would furnish to the purchaser an abstract of title and execute a general warranty deed conveying the land and take vendor's lien notes for the unpaid purchase money. Appellant purchased these contracts, from the persons to whom Coke had agreed to convey, after the contract holders had made certain payments, and after certain improvements had been erected on lots 8 and 11, but before the contracts had matured to the point where Coke was required to execute conveyances. It is evident that three elements of cost entered into the purchase of these lots— that is, (a) the amount appellant paid the original contract holder for his equity; (b) the balance of the original purchase money paid to Coke; and (c) the amount expended for improvements. The jury found, as we interpret the finding, that the amount of plaintiff's money used by appellant in paying the balance of the original purchase money due Coke was $335, that the amount used on improvements was $575, but they were not required to find, nor did they find, the amount of plaintiff's money used by appellant in paying the original contract holders for their equities. The evidence shows that appellant paid $500 for the contracts to lots 8 and 11, but we find no evidence showing a stated amount paid the contract holder for his equity in lot 10. Appellant's testimony, however, is to the effect that the house erected by her on this lot cost four or five, or five or six, hundred dollars, and that the lot and house together cost her seven or eight hundred dollars. From this rather loose statement, we think it can be safely assumed that the house cost at least $500, and that the house and lot together cost at least $750. From this data, we reach the conclusion that appellant must have paid the contract holder for lot 10 at least $120, making the total amount paid for the three contracts $620, and the grand total of plaintiff's money used in the purchase and improvements of the lots, including the three elements of cost above mentioned, was the sum of $1,530, which accounts for substantially all the money plaintiff said she turned over to her grandmother for these investments. We are of the opinion, therefore, that the judgment of the court is not subject to the criticism urged by appellant, that it was justified by, and is in harmony with the findings of the jury and the facts otherwise.

[8] It appears, however, with reasonable certainty, that appellant used more money in building the house, and in making other improvements on lot 10, than the amount the jury found she used of plaintiff's money, and

on proper inquiry, this may also be shown with reference to the improvements on lots 8 and 11, but the court below was not authorized, in the state of the pleadings, to adjust these equities. The only issue made by the pleadings, and the only one adjudicated, was as to the title to the property. Therefore appellant is not precluded from maintaining a separate action to establish a claim for valuable improvements made in good faith with her own means. See Wade v. Boyd, 24 Tex. Civ. App. 492, 60 S. W. 360-362. However, as to whether or not appellant has a claim for valuable improvements made in good faith, entitling her to an adjustment of equities, we express no opinion.

We have given due consideration to all assignments and propositions relied on by appellant for reversal, but, finding no reversible error, the judgment of the court below is affirmed.

Affirmed.