### FINNEY v. FINNEY.

No. 14314.

Court of Civil Appeals of Texas. Fort Worth.

March 13, 1942.

Rehearing Denied Sept. 4, 1942.

Beavers & Beavers, of Winnsboro, for appellant.

Edwin M. Fulton and Otis T. Dunagan, both of Gilmer, for appellee.

BROWN, Justice.

We were of opinion that the pleading of the plaintiff was sufficient to allege a trust relationship between the plaintiff and the defendant and that it was therefore not necessary, under plaintiff's pleadings, to set aside and cancel the deed executed by her to appellant, her son, in order for her to recover, but on reconsideration we are of opinion that the allegations of the petition are insufficient to raise the issue of such trust relationship.

This is a suit in which a mother sues her son, after the death of the husband and father, to cancel certain notes executed by the mother to the son and a deed of trust conveying her community interest to the son to secure the notes, and a deed executed to the son conveying the community interest of the surviving mother and wife to discharge the note, or notes, and to recover such interest, because of fraud practiced upon her.

The appellant—defendant below—denied the allegations and specifically pleaded the

statute of limitations of four years, R.C.S. art. 5529.

The plaintiff sought to relieve herself of the burden of limitations by pleading that she did not know of the misrepresentations and fraud practiced upon her by appellant until shortly before the suit was brought, and that she was guilty of no negligence in not discovering the fraud sooner. She prayed for a recovery of title and in the alternative for a cancellation of the deed purporting to convey the property and for a removal of the cloud upon her title.

The cause being tried to a jury, the following issues were submitted and answered as shown: (1) That appellee, Susan Finney, actually signed the deed of trust; (2) that she was not indebted to appellant, Arthur Finney, when she executed the deed of trust; (3) that when the deed of trust was executed the estate of R. F. Finney (husband and father of plaintiff and defendant respectively) was not indebted to Arthur Finney; (4) that when Susan Finney executed the deed of trust, Arthur Finney made representations and statements to her which were false, to induce her to execute same; (5) that she relied upon such when she executed the deed of trust; (6) "Do you find from a preponderance of the evidence that Mrs. Susan Finney did not discover the falsity, if any, of said statements and representations more than four years prior to March 5, 1940, the date of the filing of this suit? Answer: No."; (7) a like answer was made to the issue of whether or not she did not have knowledge of facts that would cause a reasonably prudent person to make inquiry which would lead to a discovery of such false representations more than four years before she filed suit; (8) that she actually signed the deed dated February 17, 1936, conveying the land to her said son; (9) that at the time she executed the deed Arthur Finney made false and fraudulent statements to her concerning the nature of the instrument; (10) that she relied upon same; (11) this issue covering the fact whether or not she did not discover the falsity of such statements and representations more than four years prior to the filing of her suit was answered, "No"; and (12) the issue of not having knowledge of facts that would cause a reasonably prudent person to make inquiry which would lead to a discovery of the false representations more than four years before she filed

suit, was answered, "No"; (13) that when she executed the deed in question she was not indebted to Arthur Finney; (14) that she signed the note for $811.47, made payable to Arthur Finney; (15) that he made false and fraudulent representations to her to induce her to sign such note; (16) that she relied upon same, and to (17) inquiring whether or not she did not discover the falsity of such statements and representations more than four years before she filed suit, the answer is "No"; (18) a similar answer is given to the issue as to the want of knowledge of facts to cause a reasonably prudent person to make inquiry as to the falsity of the representations; (19) that Mrs. Finney signed the $521.05 note; (20) that Arthur Finney made false and fraudulent representations to her to induce her to sign it; (21) she relied upon same; (22) to the issue inquiring whether or not Mrs. Finney did not discover the falsity of the representations more than four years prior to filing her suit they answered "No"; and to (23) they gave a negative answer to the issue on whether or not she did not have knowledge of facts that would cause a reasonably prudent person to make inquiry which would lead to a discovery of the false representations more than four years before suit was filed.

The defendant moved for a judgment notwithstanding the verdict, but no order appears in the transcript showing that such motion was ever presented or acted upon by the trial court; and it was therefore waived and abandoned.

It will be observed that appellant's 4th point is bottomed on the asserted failure of the trial court to sustain his motion for an instructed verdict and in not giving him such instructed verdict, but the transcript does not contain any such motion, nor does it disclose that a peremptory instruction was presented to the trial court and refused, nor is there any order in the transcript overruling such motion for an instructed verdict, and likewise there is no bill of exceptions showing the refusal of the trial court to give defendant an instructed verdict.

The points and assignments of error bottomed on the above three matters cannot be considered by us because the record does not support them.

Plaintiff moved for a judgment on the verdict and judgment was so rendered.

The defendant having appealed presents eleven points: "(1) The error of the court in overruling defendant's motion for judgment on the verdict of the jury, and in not rendering said judgment; (2) the error of the court in rendering judgment for plaintiff on the verdict of the jury; (3) the error of the court in overruling defendant's motion for judgment in his favor notwithstanding the verdict of the jury, and in refusing to render such judgment; (4) the error of the court in overruling defendant's motion for an instructed verdict and in failing to instruct the jury to return a verdict in favor of defendant; (5) the error of the court in overruling and in not sustaining defendant's general demurrer to plaintiff's third amended original petition; (6) the error of the court in overruling and in not sustaining defendant's special exception to that portion and all portions of plaintiff's third amended petition wherein she was seeking to recover fee simple title to an undivided one-half interest in the land described in plaintiff's said petition. The 7th, 8th and 9th points complain of the failure of the trial court to sustain certain exceptions to plaintiff's pleading. (10) The error of the court in admitting over defendant's objection evidence showing and tending to show the condition and value of the personal property of the estate of R. F. Finney at the time of his death and that he was considered a prosperous farmer during his life; (11) the error of the court in not granting defendant a new trial."

We find no order of the court showing that defendant's motions (two of them were filed) for judgment on the verdict were ever presented to the trial court or acted upon. They were waived and abandoned.

These motions are of such a nature that if there were any merit in them they must have been presented and acted upon by the trial court, in that the complaint is made that certain findings by the jury are not supported by the evidence, and others contrary to the evidence, and others not supported by the pleadings, and others were immaterial.

An inspection of appellant's brief discloses that he attempts to present only the following paragraphs in his motion for a new trial, as showing errors committed by the trial court, viz.: 1, 2, 3, 4, 5, 7, 15, 16, 23 and 24. Any asserted errors charged in paragraphs 6, 8, 10, 11, 12, 13, 14, 17, 18, 19, 20, 21 and 22 are waived and abandoned

They are not brought forward in the brief and supported by statements germane to them.

Being of the opinion that the allegations in the plaintiff's petition are not sufficient to raise the issue of a trust arising under the deed, but being of opinion that the allegations only go to a charge of fraud, we hold that the rule laid down in Carl v. Settegast, Tex.Com.App., 237 S. W. 238, and cases cited under Key Note 3, is not applicable to the case at bar, in the present condition of plaintiff's pleading, but that under the pleadings before us the four year statute of limitations R.C.S. art. 5529 applies.

We are not to be understood as holding that it is not possible for the plaintiff to amend her pleadings so as to show, prima facie, a trust in her behalf under the deed executed to her son.

In view of another trial we wish to call attention to the fact that, because of the peculiar wording of the several issues on the question of limitation, the better practice is to instruct the jury to answer: "She did not discover such falsity more than four years before she filed suit", and, "She did not have such knowledge more than four years before she filed suit", or, "She did discover such falsity more than four years before she filed suit", and, "She did have such knowledge more than four years before she filed suit", instead of requiring such issues to be answered simply, "yes" or "no".

The issue of unavoidable accident brought about so many confusing situations that the Supreme Court gave us a method for submitting that issue that is absolutely applicable to the situation before us.

We further suggest that the burden of proof as to no consideration for the execution of the deed of trust, the notes, and the deed is on the plaintiff, if properly raised by pleadings and evidence and the issues, should be so worded.

We further suggest that it is not proper to submit an issue of false and fraudulent statements and representations in general terms.

The proper way is to submit the substance of the statement or representation, that is to say, ask the jury if the particular statement or representation were made,

whether it was true or false and whether or not it was relied upon in doing the act or thing pleaded as induced by it wrongfully.

We believe that the trial court should have granted a new trial and that judgment should not have been rendered for the plaintiff, in the light of the pleadings as they are.

For the reasons stated, appellant's motion for a rehearing is sustained, the former judgment affirming the judgment of the trial court, rendered by us on January 16, 1942, is set aside and vacated, the former opinion in this cause is withdrawn and this opinion substituted therefor.

The judgment of the trial court is reversed and the cause is remanded.

## On Motion for Rehearing.

McDONALD, Chief Justice.

I concur in our order of March 13, 1942, reversing the judgment of the trial court and remanding the cause for a new trial, but without agreeing to all of the conclusions indicated in the opinion of our court of that date.

It seems to me that the four year statute of limitations, Art. 5529, R.C.S., is applicable to a suit like this, where the plaintiff seeks to set aside a deed executed by her on the ground that it was obtained by means of the fraudulent acts of the defendant, and that the theories of a constructive trust, advanced by the plaintiff, are not sufficient to bring the case under the statutes of limitations relating to suits to recover title to land. I believe that the case is controlled by such decisions as that in Slaughter v. Qualls, Tex.Sup., 162 S. W.2d 671, and the decisions therein cited, including McCampbell v. Durst, 15 Tex. Civ.App. 522, 40 S.W. 315, and Commercial Nat. Bank v. Wheelock, 52 Ohio St. 534, 40 N.E. 636, 49 Am.St.Rep. 738. To the same effect is the holding of this court in Hughes v. Wright, 127 S.W.2d 215. In my judgment the holding of the San Antonio Court of Civil Appeals in Hall v. Miller, 147 S.W.2d 266, writ of error dismissed, is not controlling upon us in this case.

BROWN, Justice (dissenting on rehearing).

The writer prepared the opinion in accordance with the conclusions reached by the majority, but being unable to agree with such conclusions, respectfully dissents, because he believes that the motion for a rehearing should be sustained and the judgment of the trial court affirmed, for the following reasons:

At the outset, let me say that the appellant has waived any and all objections to the issues that were submitted to the jury. There is no point or assignment of error in appellant's brief that attempts to raise the question of the form of any issue as submitted or the question of there being no evidence to support the issues, or the question of no evidence to support the finding of the jury on any issue.

Each point—the first ten in the brief—refers specifically to the paragraph in the motion for a new trial on which it is bottomed and not one raises any of the questions mentioned above.

Therefore, it is fundamental that this court will not consider the mere form of the issue, nor will it consider the question of the sufficiency of the evidence to support the giving of any issue or the sufficiency of the evidence to support the finding of the jury on any issue.

All of these matters were waived by the appellant because they were not brought forward in his brief.

To sum up appellant's contentions, we find him standing on the verdict, but saying that the findings of the jury preclude a judgment in plaintiff's favor, because her cause of action is barred by the statute of limitations of four years; and also that the trial court should have peremptorily instructed the jury for appellant, because the evidence shows that her cause of action was thus barred.

It is likewise fundamental that where the appellate court must look to the statement of facts to find error, such error is not one that is fundamental and it must be raised in the motion for a new trial, in a jury case, and must be brought forward in the appellant's brief.

The writer is of opinion that the findings made by the jury amply support the judgment of the trial court. They are sufficient to establish a trust in favor of the plaintiff and she was entitled to the relief sought.

The fact that the trial court cancelled and annulled the instruments mentioned in the judgment is of no moment.

A judgment removing the clouds from the plaintiff's title is of like effect, and

such relief is permissible in an action such as is before us.

The forepart, or first count, of the plaintiff's petition is in trespass to try title. She seeks to recover the title to the property that she theretofore had conveyed to the defendant—her son.

The theory on which she attempts to recover is that of establishing a trust in her favor, although the legal title was vested in her son through the said deed. She is attempting to show an equitable title.

It seems conclusively settled that the right to recover, in such a case as is before us, is given to a plaintiff whose pleadings are in statutory form in trespass to try title. Texas Creosoting Co. et al. v. Hartburg Lumber Co., Tex.Com.App., 16 S.W. 2d 255, on motion for rehearing. See original opinion, Id., Tex.Com.App., 12 S.W.2d 169.

In the opinion on motion for a rehearing many Texas cases are digested and cited.

The opinion states emphatically that under an ordinary trespass to try title case a plaintiff can recover by showing that he holds an equitable title as against a defendant who holds a legal title.

See Blumenthal v. Nussbaum, Tex.Civ. App., 195 S.W. 275, which was cited with approval in the Texas Creosoting Co. case, supra, and Wade v. Boyd, 24 Tex.Civ.App. 492, 60 S.W. 360, writ refused, and Morris v. Rhine, Tex.Sup., 8 S.W. 315.

See, also, Robinson v. Faville et al., Tex. Civ.App., 213 S.W. 316, writ refused 111 Tex. 48, 227 S.W. 938.

In Hall v. Miller, Tex.Civ.App., 147 S. W.2d 266, writ dismissed, correct judgment, it is said that the interest of the cestui que trust under a constructive trust is an equitable title and not a mere equitable right.

Under the circumstances shown in the case at bar the statute of limitations of four years—Article 5529, Vernon's Civil Statutes—does not apply, and plaintiff's cause of action is not barred.

She is not seeking to cancel and rescind the deed she made to her son. She is standing on the deed and seeking to establish a trust in her favor because of the execution and existence of the deed.

See Carl v. Settegast, Tex.Com.App., 237 S.W. 238, and Gilmore v. O'Neil, 107 Tex. 18, 173 S.W. 203, and Faville v. Robinson, 111 Tex. 48, 227 S.W. 938, and

Hill v. Stampfli, Tex.Com.App., 290 S.W. 522, and many cases cited in the opinion of the Commission of Appeals, expressly approved by the Supreme Court.

The facts adduced and those found by the jury render it inequitable and unjust for the appellant to hold and retain the title to this land as against the asserted right of his aged mother.

Therefore, appellee's motion for a rehearing should be granted and the judgment of the trial court should be affirmed.